UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FESTIVAL MANAGEMENT, B.V., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EUROPEAN JAZZ CRUISES, LLC and JAZZ )<br>CRUISES, LLC, )<br>)<br>Defendants. ) | Case No. 4:09-CV-01088-HEA |

**ORDER GRANTING PLAINITFF'S MOTION FOR**
**DEFAULT JUDGMENT**

Plaintiff Festival Management, B.V. submitted to this Court its Motion for Default Judgment. The Court considered Plaintiff's Motion, Memorandum in Support, Plaintiff's proposed order, and Plaintiff's exhibits including the Supplemental Affidavits of Rochella Jordan and Cecile Westerhuis, together with Plaintiff's Complaint and the Affidavits of D. J. C. "Dick" van Zuylen, Cecile Westerhuis and Rochella Jordan submitted in support of Plaintiff's earlier Motion for Prejudgment Writ of Attachment (Dkt. No. 4). Based on the full record before the Court, pursuant to Federal Rule of Civil Procedure 55, and good cause appearing therefore, the Court hereby finds and orders as follows:

THE COURT FINDS:

1. A defendant's default constitutes an admission of the allegations contained in the Complaint. *Travelers Commercial Cas. Co. v. Allen Exteriors, Inc.*, No. 08-852, 2009 WL 943782, *1 (E.D. Mo. Apr. 6, 2009). An audit of the defendant's financial records, especially

where accompanied by submission of the relevant financial records to the Court as exhibits, is an appropriate evidentiary basis upon which to set the amount of a default judgment. *See id.*

2. By their respective defaults, Defendants European Jazz Cruises, LLC ("EJC") and Jazz Cruises, LLC ("JC") have admitted that the written agreement negotiated by the parties ("Agreement") with respect to the 2007 North Sea Jazz Cruise ("Cruise") was mutually accepted by the parties. (Dkt. No. 1, Compl. ¶ 11.)

3. By their respective defaults, Defendants EJC and JC have admitted that JC breached its obligations under the Agreement to administer the "Escrow Account for the operation of the Cruise . . . on behalf of the Parties" and to "maintain proper and complete records and books of account" for the Cruise. (Dkt. No. 1, Compl. ¶¶ 12, 16.)

4. By their respective defaults, Defendants EJC and JC have admitted that EJC breached its obligations to make certain equity deposits and to "bear fifty percent of any losses" on the Cruise, and that "EJC also independently warranted the performance of JC." (Dkt. No. 1, Compl. ¶¶ 17, 18, 25.)

5. The Affidavit of Rochella Jordan and accompanying exhibits from an audit of JC's records, submitted with Plaintiff's Motion for Prejudgment Writ of Attachment (Dkt. No. 4), establish that JC altered the books of account for the Cruise to eliminate, without payment, $550,824 of outstanding payables to FM, damaging Plaintiff in the amount of $550,824.

6. In addition, the record demonstrates that EJC underpaid its equity contribution by $954,629, while FM's total equity payment of $2,113,311 exceeded its fifty-percent share of the loss on the Cruise by $129,444, which has not be reimbursed by EJC or JC. Therefore, Plaintiff has been damaged in the additional amount of $129,444.

7.     The Supplemental Affidavit of Rochella Jordan and accompanying bank records of JC establish that JC improperly transferred $800,000 from the Cruise Account to JC's general account on May 29, 2007, and that JC used $749,000 of that money for non-Cruise-related purposes. Absent JC's failure to administer the "Escrow Account for the operation of the Cruise ... on behalf of the Parties" (Dkt. No. 1, Compl. ¶ 12), that $749,000 would have been available after the Cruise to reimburse FM for its $129,444 disproportionate share of the loss on the Cruise, damaging Plaintiff in the amount of $129,444. (Absent JC's breaching conduct, that $749,000 also would have been available to reimburse FM for FM's $550,824 in unreimbursed expenses, an alternate basis of liability for that amount).

8.     Plaintiff has therefore established actual damages caused by JC's breaching conduct of $680,268 (the total of $129,444 and $550,824).

9.     The Affidavits of D. C. van Zuylen and Rochella Jordan and accompanying exhibits (including those from an audit of JC's records), submitted with Plaintiff's Motion for Prejudgment Writ of Attachment (Dkt. No. 4), establish that EJC underpaid its equity obligation to the Cruise by $954,629. That $954,629 shortfall would have covered both the $129,444 disproportionate share of the loss and the $550,824 in unreimbursed expenses to FM. In addition, because it independently warranted JC's performance under the Agreement, EJC is directly liable for the amount of damage caused by JC's breaches.

10.    Plaintiff has therefore established actual damages caused by EJC's breaching conduct of $680,268 (the total of $129,444 and $550,824).

11.    The Supplemental Affidavit of Cecile Westerhuis establishes that, under the law of The Netherlands, Plaintiff is entitled to prejudgment interest in the amount of $148,189.55

3

through October 1, 2009, plus an additional 8% interest on the compounded total of $828,457.55 from October 1, 2009 through the date of entry of judgment, for a total of __155,452.75__ in prejudgment interest.

12. Plaintiff is entitled to post-judgment interest at the applicable federal rate on the entire judgment from the date of judgment until the date the judgment is satisfied. 28 U.S.C. § 1961.

WHEREFORE, the Court enters final judgment on Counts II and III of the Complaint in favor of Plaintiff Festival Management, B.V. and against Defendants European Jazz Cruises, LLC and Jazz Cruises, LLC jointly and severally in the amount of (a) $680,268 in actual damages, plus (b) prejudgment interest in the amount of $148,189.55 through October 1, 2009 plus an additional 8% interest on the compounded total of $828,457.55 from October 1, 2009 through the date of entry of judgment, or $ __983,910.30__ plus (c) post-judgment interest at the applicable federal rate on the entire judgment from the date of judgment until the date the judgment is satisfied. In addition, the Court hereby dismisses Count I of the Complaint without prejudice.

SO ORDERED.

DATED this __9th__ day of November, 2009.

_____
Henry E. Autrey, United States District Court Judge